```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**THE LITTLE HOCKING WATER ASSN., INC.,**

      **Plaintiff,**

   vs.                                   Civil Action 2:09-cv-1081
                                           Judge Smith
                                           Magistrate Judge King

**E.I. DU PONT DE NEMOURS & CO.,**

      **Defendant.**

### ORDER

    Throughout the litigation, defendant has sought discovery of plaintiff's attorney invoices, invoices relating to non-testifying "litigation consultant" work, and charts, spreadsheets and memoranda regarding litigation expenses and damages, taking the position that plaintiff has placed such discovery at issue in this case by alleging business interruption and economic harm resulting from its PFOA investigation.  Moreover, this Court previously ordered plaintiff to produce "attorney invoices, redacting only information that reveals its motive in seeking representation, litigation strategy, the specific nature of services rendered and/or counsel's mental impressions." *Opinion and Order*, Doc. No. 168, p. 41.  Plaintiff was also ordered to produce "litigation consultant" invoices, redacting only privileged and protected information. *Id*. at 43.  This matter is now before the Court on defendant's motion to compel testimony from plaintiff's corporate designee "regarding the factual basis for lost

1

profits and lost corporate opportunities that" plaintiff seeks to recover as damages.  *Defendant E.I. DuPont de Nemours and Company's Motion to Compel Testimony Regarding LHWA's Lost Profits and Corporate Opportunities*, Doc. No. 157 ["*Motion to Compel*"].

In its memorandum in opposition to defendant's *Motion to Compel*, plaintiff denies that it seeks attorney fees and other litigation costs as damages in this action.  *Plaintiff Little Hocking's Memorandum in Opposition to Defendant E.I. Du Pont de Nemours and Company's Motion to Compel Testimony Regarding Little Hocking's Lost Profits and Corporate Opportunities*, Doc. No. 163.  Moreover, plaintiff's counsel expressly represented at the February 21, 2013 conference with the Court that plaintiff does not intend to pursue, as a component of damages, a claim for lost profits and corporate opportunity by reason of fees paid to attorneys and litigation consultants. *See Order*, Doc. No. 171.

Based on Little Hocking's representation, the Court will not permit discovery related to such payments at this time.[1]  DuPont's *Motion to Compel*, Doc. No. 157, is therefore **DENIED** on the express condition that plaintiff does not seek, as a component of damages, a claim for lost profits and corporate opportunity by reason of fees paid to attorneys and litigation consultants.

March 5, 2013                              s/Norah McCann King
                                            Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge

---

[1] This *Order* serves to modify any prior order permitting such discovery.