**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE LITTLE HOCKING WATER ASSOCIATION, INC.,** | : | **Case No. 2:09-cv-1081** |
| Plaintiff | : | **Judge Smith** |
| v. | : | **Magistrate Judge King** |
| **E.I. DU PONT DE NEMOURS AND COMPANY**, | : | |
| Defendant | : | |

**LITTLE HOCKING'S MOTION FOR SANCTIONS RELATING TO DUPONT'S VIOLATIONS OF COURT ORDERS REQUIRING DUPONT TO PROVIDE EXPERT DISCLOSURES**

DuPont has violated three court orders (including the February 15, 2013 and April 2, 2013 court-ordered deadlines, Doc. 142 and Doc. 196) by its continuing failure to provide the detailed opinions and facts upon which the opinions are based for three of its purported experts, as required by Rule 26(a)(2)(C). As a result of DuPont's ongoing, willful violation of three court orders and the resulting prejudice to Little Hocking Water Association, Inc. (LHWA), LHWA moves the Court, pursuant to Federal Rules of Civil Procedure 16 and 37, to *prohibit* the presentation of *any expert* testimony by DuPont through witnesses Andrew Hartten, Catherine Barton, and Robert Rickard and moves the Court for an award of costs, including attorney's fees, associated with its extrajudicial attempts to obtain the required disclosures and to bring this Motion. In the alternative, though it will not rectify LHWA's being deprived of this information for over two and one half months, LHWA asks the Court to order DuPont to provide *full expert reports* for the three experts within 10 days of entry of the order and that the Court award fees

and costs. LHWA certifies, as set forth in Exhibit 1 to the Memorandum in Support, that it has attempted to resolve the violations extra-judicially, but to no avail.

Respectfully Submitted,

s/ D. David Altman
D. David Altman (0021457), *Trial Attorney*
Justin D. Newman (0080968)
Amy M. Hartford (0074836)
D. DAVID ALTMAN CO., L.P.A.
15 East 8th Street, Suite 200W
Cincinnati, Ohio 45202
(513) 721-2180
(513) 721-2299 (fax)
daltman@environlaw.com
*Attorneys for Plaintiff*

## MEMORANDUM IN SUPPORT

### I. Introduction

As detailed below, Federal Civil Rule 26(a)(2)(C) requires that, at a minimum, a party disclose for each named expert, a ***precise description of each opinion,*** rather than "vague generalizations," and the ***facts upon which the opinions are based***. DuPont has been issued ***three court orders*** requiring that it follow this rule. LHWA has made ***extensive, particularized extrajudicial attempts*** to obtain compliance. Yet, rather than provide the precise opinions and underlying facts for named experts Andrew Hartten, Catherine Barton, and Robert Rickard, DuPont has merely provided general topics, with no mention of any fact. Where a party has had *multiple chances* to recognize and correct its violations of court orders and willfully continues to deny the opponent the withheld information, sanctions are needed.

### II. Standards Applicable to Present Motion

While the presumptive rule is that experts must provide written reports, Rule 26 creates a class of experts who are not required to submit a full written report. Such experts, however, are required to submit "…***a summary of the facts and opinions to which the witness is expected to***

***testify.***" Fed. R. Civ. P. 26(a)(2)(C). (emphasis added). Rule 26(a)(2)(C), in other words, requires a "precise description" of the opinions, rather than "vague generalizations," and a statement of the facts upon which the opinions are based. *See, e.g.*, *Meredith v. Int'l Marine Underwriters*, 2011 WL 1466436, * 7 (D. Md. April 18, 2011).[1]

If a party fails to abide by this standard, a federal court must consider an appropriate sanction, particularly where the offending party has violated multiple orders and missed deadlines to comply. The Civil Rules set forth three independent bases for sanctioning a party that fails, in violation of a court's scheduling order and discovery orders, to provide expert full and complete disclosures in accordance with the requirements of Fed. R. Civ. P. 26(a)(2)(C).

First, Civil Rule 37(b)(2) enumerates a broad array of sanctions for a court to punish a party for disobeying a court order, including the preclusion of evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii). In determining the appropriate sanction for violation of a court order, courts evaluate four factors: (1) whether the noncompliance was willful or due to inability to comply; (2) whether the adverse party was prejudiced by the noncompliance; (3) whether the sanctioned party appreciated (or was "worried") that the violation could lead to potential sanctions; and (4) whether less drastic sanctions were considered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th. Cir. 1990). When a party violates a court order, a court must order the offending party to pay reasonable expenses (including attorney's fees) that are caused by the violation, unless the violation was substantially justified or an award of costs would be unjust. Fed. R. Civ. P. 37(b)(2)(C). The burden of showing that a failure to comply with court orders and discovery requests was due to inability, not willfulness or bad faith, rests with the individual against whom

[1] DuPont has the burden of demonstrating that its experts are exempt from the requirement to provide a full report, e.g., that the experts did not form their opinions in anticipation of litigation. *See, Meredith*, 2011 WL 1466436 at * 4. Due to the fact that DuPont has failed to provide specific facts on this issue, DuPont has not met this burden. Therefore, LHWA does not concede that the three witnesses are exempt from the reporting requirement.

sanctions are sought. *Laukus v. Rio Brands, Inc*., 2013 WL 978215, *14 (N.D. Ohio Mar. 11, 2013).

Second, under Rule 37(c) ***bars the use of expert testimony*** unless the expert is timely designated and a report or disclosure is provided in accordance with Rule 26(a)(2). Fed. R. Civ. P. 37(c)(1). It is mandatory under Rule 37(c) that a court sanction a party for failure to comply with Rule 26(a) unless the failure is "substantially justified or…harmless…" *Ater v. Follrod*, 2004 WL 6042439, * 1 (S.D. Ohio Nov. 10, 2004) (citing, *inter alia*, *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir.2003)). The burden is on the *offending party* to show "substantial justification" or "harmlessness." *Id.* at 3. "Harmlessness" is not the same as "prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th. Cir. 2003). Rather, "[harmlessness]… involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Ibid.* (quoting *Vance v. United States*, 1999 WL 455435, at *5 (6th Cir. June 25, 1999)). Expenses, including attorneys' fees, are also an available sanction for failing to make the required expert disclosures. Fed. R. Civ. P. 37(c)(1)(A).

Finally, Rule 16(f) provides for sanctions, including those authorized under Rule 37(b), for failure to "obey a scheduling or other pretrial order." *Rio Brands, Inc*., 2013 WL 978215 at *14.

### III. DuPont's "disclosures" amount to a wholesale violation of Fed. R. Civ. P. 26(a)(2) and three court orders.

The following facts demonstrate that DuPont has violated multiple Court orders and Rule 26(a)(2)(C).

The parties were required to disclose their primary experts on or before February 15, 2013. (*October 12, 2012 Scheduling Order*, Doc. 142). LHWA provided reports and other materials for *7 experts* as required by Fed. R. Civ. P. 26(a)(2), despite DuPont's failures to provide discovery on key issues integral to multiple issues in these reports. (*Newman Decl.*, Ex. 1 ¶ 6).

DuPont listed two experts under Rule 26(a)(2)(B)[2] and identified 7 other experts under Rule 26(a)(2)(C). (*February 15, 2013 Disclosures from DuPont*, Ex. 2). However, DuPont completely failed to provide the opinions and factual bases for the 7 experts as required under Rule 26(a)(2)(C). (*Ibid.*) LHWA promptly raised the expert disclosure issue at the February 21, 2013 status conference. (*Newman Decl*., Ex. 1 ¶ 9). As a result, the Court, during the February 21 conference, instructed DuPont to make the required disclosures, *ibid.*, which at the very least would include a summary of the opinions of each expert and facts upon which the opinions were based.

After it became clear to LHWA that DuPont was ignoring the Court's instruction, LHWA followed up on the issue in a March 1, 2013 letter. (*Newman Decl.*, Ex. 1, ¶ 10; *March 1, 2013 letter*, Ex. 3). DuPont responded via a March 6, 2013 letter (attached as Ex. 4), asserting that its disclosures met the requirements of the Rules. (*Id. at* ¶ 11). LHWA sent another letter (on March 15), stating that DuPont was, *at the very least*, required to provide a summary of the opinions and facts upon which each opinion was based for each expert. (*March 15, 2013 letter*, Ex. 5). In response, DuPont immediately filed a motion to "clarify" its expert disclosure obligations. (*DuPont's Motion to Clarify*, Doc. 186).

The Court in its March 18 Order made clear that DuPont was required to disclose the "subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; . . . ***and a summary of the facts and opinions to which the witness is expected to testify***." (*3-18-13 Order*, Doc. 190, p. 2) (quoting Fed. R. Civ. P. 26(a)(2)(C)) (emphasis added). The Court also reiterated that such disclosures should have been made by the

[2] While the reports of DuPont's disclosed Rule 26(a)(2)(B) experts, Mr. Shane Snyder and Mr. Thomas Voltaggio, will likely be the subject of future motion practice, they are not at issue in the present Motion.

earlier deadline established by the Court, *i.e*., the disclosures should have been made on February 15. (*Ibid*.)

Despite the March 18 Order (the second order requiring disclosures), DuPont did not provide the required disclosures. LHWA was forced to raise the issue again during the March 26 status conference. (*Newman Decl*., Ex. 1, ¶ 14). On this occasion, DuPont professed ignorance as to when the Court expected DuPont to have complied. The Court made clear that DuPont was expected to have made the required disclosures on or before February 15. (*Ibid.*) The Court ordered DuPont to make the required disclosures on or before April 2, 2013: "Defendant is **ORDERED** to produce, no later than April 2, 2013, the disclosures relevant to its non-specially retained experts, consistent with the provisions of Fed. R. Civ. P. 26(a)(2)(C)." (*3-27-13 Order*, Doc. 196, p. 1) (emphasis in original). On April 2, 2013, DuPont provided its purported expert "disclosures" for three experts – Catherine Barton, Andrew Hartten, and Robert Rickard. (*April 2, 2013 Disclosures*, Ex. 6). ***However, the "disclosures" violate the Court's March 18 and 27 Orders, as well as the requirements of Fed. R. Civ. P. 26(a)(2)(C).***

<u>First</u>, for Dr. Barton, DuPont completely failed to disclose ***any*** precise opinion or ***any*** facts supporting any opinion. Instead, DuPont disclosed general topics, stating that Dr. Barton would testify to, for example, air dispersion modeling and monitoring, modeling of land deposition of PFOA, and about the properties of PFOA. (*April 2, 2013 Disclosures*, Ex. 6, p. 1-2). LHWA is simply ***left to guess*** what Dr. Barton's opinions about those topics will be. Nor did DuPont provide a single fact supporting the unidentified opinions. LHWA set forth the details of DuPont's failure in an April 16 letter (*April 16, 2013 letter*, Ex. 7, p. 2).

<u>Second</u>, for long-time DuPont scientist Robert Rickard, DuPont again failed to disclose any actual opinions or any actual facts. Instead, DuPont merely states topics that Dr. Rickard will

speak to, including, for example that Dr. Rickard will testify: (a) "…***about what DuPont knew*** and understood scientifically about PFOA during the relevant timeframes at issue in this action…"; (b) "…***about the opinions he formed*** while reviewing published literature and scientific data regarding potential health and environmental effects of exposure to PFOA…;" and (c) "…***about DuPont's investigation*** into various issues related to PFOA (including its potential toxicity, human health effects from exposure, and effects on the environment)…" (*April 2, 2013 Disclosures*, Ex. 6, p. 6) (emphasis added). For these and other topics, DuPont completely failed to identify Dr. Rickard's precise opinions and even a single fact supporting the opinions. (*Id.* at 5-7). Clearly, at this point, DuPont certainly knows Dr. Rickard's opinions. It has simply chosen not to reveal them. Again, these failures were set forth in Ex. 7, p. 3-4.

<u>Third</u>, with respect to Mr. Hartten, DuPont again fails to make the required disclosures. For example, for ***at least 4 topics***, DuPont fails to provide ***any*** facts or ***any*** actual opinion, instead stating only that Mr. Hartten may provide testimony regarding: (a)"… the environmental conditions surrounding the Washington Works facility, including …hydrogeology of the area…;" (b)"… the alleged leaching of PFOA through soil to the groundwater…;" (c) "…DuPont's efforts to investigate the site and identify and assess the presence and extent of PFOA in drinking water, groundwater, surface water, and environmental media…;" and, (d)"… DuPont's Corporate Remediation Group's investigation and analysis of releases of PFOA through various environment media…" (*April 2, 2013 Disclosures*, Ex. 6, p. 3-4). Mr. Hartten's actual opinions on these subject matters are not included. (*Id.* at 3-5).

Even where DuPont does state something approaching an actual opinion for Mr. Hartten, DuPont fails to summarize that opinion in any meaningful way *and does not give any factual basis*. Rather, DuPont's statements only provide vague generalizations — a conclusory

statement of one of the ultimate issues in the case, with no precise description of what the full opinion actually is, plainly in violation of Rule 26(a)(2)(C). *Meredith*, 2011 WL 1466436, * 7. For example, while DuPont states that Mr. Hartten may provide his opinion that "…it is not scientifically reasonable that the PFOA in the Little Hocking Well Fields arrived there via water migration from emissions of the Washington Works facility…," DuPont provides no actual facts to support the statement. (*April 2, 2013 Disclosures*, Ex. 6, p. 3). Indeed, no facts are identified in the disclosure for Mr. Hartten. (*See*, *April 16, 2013 letter*, Ex. 7, p. 2-3, *setting forth these failures).*

Finally, DuPont's generic statement that each expert may "provide many of the same opinions" that were provided in earlier depositions is far from a precise description of the opinions. Little Hocking has no idea which statements made during those depositions DuPont considers to be "opinions," nor should Little Hocking be required to guess which opinions are going to be given at trial. That is why the expert disclosure rules exist — to prevent such trial by ambush. Indeed, DuPont's reference to the earlier depositions only serves to show that DuPont knows which opinions it intends to offer, it has simply chosen not to disclose them. Hence, DuPont has violated and continues to be in violation of Rule 26(a)(2)(C).[3]

### IV. Due to the willful nature of DuPont's violations and the resulting prejudice, justice demands exclusion.

As the foregoing demonstrates, the Sixth Circuit's Rule 37(b)(2) factors[4] justify the prohibition of expert testimony from these three witnesses. First, DuPont's continuing failure to provide the ***minimum required*** expert disclosures for its Rule 26(a)(2)(C) experts, despite two orders in addition to the scheduling order requiring such disclosures, inescapably leads to the conclusion that DuPont's violations are willful. DuPont's refusal to cure its violations of court

[3] Despite the clarity of Rule 26's requirements, DuPont has made clear, in an April 25, 2013 email, that it will not cure its violations of its expert disclosure obligations. (Newman Decl., Ex. 1, ¶ 19).
[4] These factors are outlined above on pages 3-4.

orders despite particularized and repeated attempts by LHWA to secure compliance is additional evidence of willfulness. DuPont was clearly able to comply; it could have simply asked its employees for their opinions and the facts that support their opinions and then provided those facts and opinions to LHWA. DuPont has simply chosen to flout this Court's Orders.

Second, Little Hocking has suffered irreparable prejudice. LHWA cannot re-gain the two and one-half months that have already been lost. During this time, LHWA has been unable to secure rebuttal experts to rebut the ***unidentified*** opinions or to secure fact discovery to rebut the unidentified opinions and their factual bases. The prejudice is compounded by DuPont's failure to produce basic discovery until the 11th hour and only after a court order and long after the information was requested by LHWA. Indeed, a court order was even needed to get DuPont to respond to basic requests to admit. (*April 26, 2013 Order*, Doc. 206). And all of this happens in the context of the confusing and ever-changing stories about the whereabouts of the pumping data for the Washington Works facility's production wells.[5] The prejudice factor supports exclusion.

Third, it is also clear that given the clarity of the three Court orders, the clear language of Rule 26(a)(2)(C) and the fact that DuPont is familiar with the rules about sanctionable conduct, there can be no credible claim that DuPont did not have an appreciation for the fact that its violations could lead to Rule 37 sanctions.

Fourth, simply ordering DuPont to now provide its discovery with only an award of costs would not rectify the prejudice to LHWA. The unjust delay in complying with court orders does not just add "one more thing" for LHWA to do over the remainder of the schedule. LHWA had a right to use the past two and one-half months to prepare for depositions of the three experts, to

[5] It is also clear that there are multiple and serious violations of the Court's February 19 Order (Doc. 169) by DuPont. Because the parties are at an impasse on those violations, the violations will be subject to further motion practice.

see if the factual underpinnings of the opinions were substantiated by the discovery record, and to consult with experts and potential rebuttal witnesses. Without the sanctions sought, LHWA will be faced with a compressed schedule to deal with DuPont's other discovery violations and to fit in, as best it can, preparation for the three witnesses — a huge tactical victory for DuPont that will prevent the case from being tried on its merits.

Finally, exclusion is also proper under Rule 37(c). The same facts that demonstrate willfulness demonstrate that DuPont's behavior is not substantially justified and not an "honest mistake," a showing that is necessary for DuPont to meet its burden of demonstrating that the failure to provide the required disclosures was "harmless." Fed. R. Civ. P. 37(c)(1).

**V. Conclusion**

For the foregoing reasons, LHWA respectfully requests that the Court grant the relief requested in the Motion.

Respectfully Submitted,

s/ D. David Altman
D. David Altman (0021457), Trial Attorney
Justin D. Newman (0080968)
Amy M. Hartford (0074836)
D. DAVID ALTMAN CO., L.P.A.
15 East 8th Street, Suite 200W
Cincinnati, Ohio 45202
(513) 721-2180
daltman@environlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2013 I caused a true and correct copy of the foregoing LITTLE HOCKING'S MOTION FOR SANCTIONS RELATING TO DUPONT'S VIOLATIONS OF COURT ORDERS REQUIRING DUPONT TO PROVIDE EXPERT DISCLOSURES to be filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Justin D. Newman
*Attorney for the Plaintiffs*