# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE LITTLE HOCKING WATER ASSN., INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> E. I. DU PONT DE NEMOURS AND COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:09-cv-1081 <br><br> Judge Smith <br><br> Magistrate Judge King |

## DEFENDANT E. I. DU PONT DE NEMOURS AND COMPANY'S SUPPLEMENTAL DISCLOSURE OF RULE 26(A)(2)(C) DESIGNEES

Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, the September 8, 2010 Continued Preliminary Pretrial Order (Dkt. No. 35), the October 12, 2012 Scheduling Order (Dkt. No. 142), and the March 27, 2013 Order (Dkt. No. 196) entered by Magistrate Judge King, Defendant E. I. du Pont de Nemours and Company ("DuPont"), by counsel, hereby identifies and designates the following witnesses under Rule 26(a)(2)(C).

1. **Catherine A. Barton, Ph.D. (DuPont employee)**

Dr. Barton is currently employed by DuPont and has been since 1988. During her employment with DuPont, she worked in the DuPont Engineering and Research Technology department as an environmental engineer and was responsible for performing air modeling, air dispersion, and assessment of air emissions for the Washington Works facility. Dr. Barton is a

Registered Professional Engineer. She received her Ph.D. in Environmental Engineering from the University of Delaware, and a Master of Science in Environmental Engineering and Bachelor of Science in Civil Engineering from Virginia Polytechnic Institute and State University.

As a part of her job responsibilities, Dr. Barton used and interpreted models related to the air dispersion of chemicals and the deposition of those chemicals on land from air emissions. Additionally, Dr. Barton designed protocol and conducted air sampling to determine the identity and levels of PFOA that may be present in air surrounding the Washington Works facility.

Dr. Barton has been deposed by Plaintiff and will likely be asked to provide many of the same opinions she provided during the deposition. Dr. Barton may provide testimony and opinions related to air dispersion modeling, and air monitoring that was conducted regarding the Washington Works facility, including air sampling of PFOA at Washington Works. Dr. Barton may provide her opinion that those efforts were reasonable and accurate to a reasonable degree of scientific certainty. Additionally, Dr. Barton's testimony may also relate to her opinions regarding modeling of land deposition of PFOA from air emissions conducted at the Washington Works facility. As a part of her testimony, she may testify about generally-accepted principles governing air dispersion, deposition modeling, and air sampling. Furthermore, she may give her opinions about properties of PFOA that may be relevant to the measurement of PFOA in the atmosphere, and air modeling and dispersion as it relates to the Little Hocking Well Fields and facilities.

Dr. Barton will base her opinions on her education, training, experience, research and publications, her review of scientific literature, public information, including information generated or available from government entities, and documents made available to her through the normal course of her employment at DuPont.

2.  **Andrew Hartten (DuPont employee)**

Mr. Hartten is currently employed by DuPont and has been since 1988. He is currently Project Director in the Corporate Remediation Group and manages environmental investigation, assessment, and remediation projects at Washington Works. Mr. Hartten is a hydrogeologist and received his Bachelor of Science in Geology from the University of Maryland. Mr. Hartten first began work at Washington Works in 1990 and has been involved in the environmental monitoring program at the Washington Works facility since that time. He has been involved in issues related to PFOA since approximately 1991.

As a part of Mr. Hartten's job responsibilities, he has been responsible for supervising the collection and compilation of data related to the sampling of water supplies in and around the Ohio River and Washington Works. He has also been responsible for studying the hydrogeology of the area in and around the Washington Works facility, including but not limited to the location of groundwater and groundwater flow. Additionally, he monitors wells, the discharge of water to the Ohio River and other off-site locations, and he also has knowledge of the remediation or mitigation of PFOA released into water and soil.

Mr. Hartten has been deposed by Plaintiff for multiple days and will likely be asked to provide many of the same opinions he provided during those depositions. Mr. Hartten may provide testimony and opinions regarding the environmental conditions surrounding the Washington Works facility, including but not limited to, the science of hydrogeology and the hydrogeology of the area at and around the Washington Works facility. He may also testify regarding the alleged leaching of PFOA through the soil to the groundwater. Mr. Hartten may provide his opinion that it is not scientifically reasonable that the PFOA in the Little Hocking Well Fields arrived there via water migration from emissions of the Washington Works facility.

Further, Mr. Hartten may testify that the majority of any PFOA in the Little Hocking Well Fields which might have come from the Washington Works facility would have been transmitted via air dispersion (rather than through or under the Ohio River).

Mr. Hartten may testify and give his opinions regarding DuPont's efforts to investigate the site and identify and assess the presence and extent of PFOA in drinking water, groundwater, surface water, and environmental media at and around the Washington Works facility and the Little Hocking Well Fields. Mr. Hartten may opine that all such efforts to investigate, identify, and assess PFOA were reasonable and accurate to a reasonable degree of scientific certainty. Additionally, Mr. Hartten may testify regarding DuPont's Corporate Remediation Group's investigation and analysis of releases of PFOA through various environmental media, including surface water, groundwater, and soil, to determine the presence, extent, and movement of PFOA at or around the Washington Works facility and Little Hocking Well Fields. Mr. Hartten may provide his opinion that the migration of any such PFOA releases would not have occurred through underground water migration.

Mr. Hartten may further testify that DuPont followed generally accepted scientific methods and practices to accurately and fully assess the hydrogeology around the Washington Works site and fully assess the leaching of chemicals through soil to a reasonable degree of scientific certainty to determine that any PFOA emissions in the Little Hocking Well Fields did not occur via underground water migration. Additionally, Mr. Hartten may testify that the Granular Activated Carbon facility is effectively removing PFOA from Little Hocking's drinking water. Furthermore, Mr. Hartten may testify that DuPont has followed the generally-accepted principles of environmental decision-making and that DuPont's efforts to investigate PFOA were

4

reasonable and the information reported in DuPont's investigation was accurate to a reasonable degree of scientific certainty.

Mr. Hartten will base his opinion on his education, training, experience, research, information in publically available scientific literature, governmental agencies, and other sources of publicly available information, and documents produced in this litigation by DuPont and Little Hocking.

3.  **Robert W. Rickard, Ph.D. (DuPont employee)**

Dr. Rickard is currently employed by DuPont and has been since 1979. His current position is DuPont Distinguished Scientist, Health & Environmental Sciences, DuPont Safety, Health & Environment & Sustainability Excellence Center. He has held this position since January 2007. He received his Ph.D. in Toxicology from the University of Kentucky, a Master of Science in Microbiology, and a Bachelor of Science in Zoology from Clemson University. Since 1983, he has been certified as a Diplomat of the American Board of Toxicology and is also a member of the Society of Toxicology. He currently serves on the Executive Committee and Board of Directors of The Hamner Institutes for Health Research, and the Board of Trustees of the International Life Sciences Institute – Health and Environmental Science Institute and is on the board of European Centre for Ecotoxicology and Toxicology of Chemicals. He is also on the Leadership Council for the National Conversation for Public Health and Chemical Exposure which is hosted by the Centers for Disease Control and Prevention (CDC) and the Agency for Toxic Substances and Disease Registry (ATSDR).

Dr. Rickard has oversight for DuPont's global scientific competency in health and environmental sciences and is responsible for DuPont's policies, standards, and global strategy for toxicology and environmental sciences.

Dr. Rickard has been deposed by Plaintiff for two days and will likely be asked to provide many of the same opinions he provided during those depositions. Dr. Rickard may testify about what DuPont knew and understood scientifically about PFOA during the relevant timeframes at issue in this action. Dr. Rickard may testify about the opinions he formed while reviewing published literature and scientific data regarding potential health and environmental effects of exposure to PFOA. Dr. Rickard may testify about DuPont's investigation into various issues related to PFOA (including its potential toxicity, human health effects from exposure, and effects on the environment) and that it is his opinion that DuPont acted reasonably and appropriately and that decisions were made regarding PFOA to a reasonable degree of scientific certainty. Dr. Rickard may also testify and provide opinions derived from historical and contemporary epidemiological, health, and toxicological studies regarding PFOA, including studies conducted by DuPont, the Science Panel, and other research and studies conducted about PFOA throughout the scientific community. Additionally, Dr. Rickard may testify about the calculation of regulatory risk assessment and the safety factors associated with such calculations. Furthermore, he may testify about exposure pathways for PFOA, exposure assessments of PFOA, and the pharmacokinetic properties of PFOA. In order to fully testify regarding these subjects, Dr. Rickard may testify generally about toxicology and epidemiology and their associated concepts, such as (but not limited to) association, causation, the distinction between an association and causation, dose-response relationships, the strength of observed associations, consistency of any observed associations across studies, biological plausibility, and other scientifically accepted criteria to evaluate causation.

Dr. Rickard's testimony will be based on his professional experience and background, scientific literature on PFOA, data collected related to the exposure of the Little Hocking water customers, and environmental data collected at or around DuPont's Washington Works facility and Little Hocking's Well Fields.

**By counsel,**

*/s/ Niall A. Paul*
Niall A. Paul (*pro hac vice*)
Timothy D. Houston (*pro hac vice*)
SPILMAN THOMAS & BATTLE, PLLC
Post Office Box 273
Charleston, West Virginia 25321-0273
304.340.3800 / 304.340.3801 (*facsimile*)
npaul@spilmanlaw.com
thouston@spilmanlaw.com


C. Craig Woods (0010732)
Aaron T. Brogdon (0081858)
SQUIRE, SANDERS & DEMPSEY (US) L.L.P.
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
614.365.2700 / 614.365.2499 (*facsimile*)
Craig.Woods@squiresanders.com
Aaron.Brogdon@squiresanders.com

Libretta P. Stennes (*pro hac vice*)
Anthony F. Cavanaugh (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
202.429.3000 / 202.429.3902 (*facsimile*)
lstennes@steptoe.com
acavanaugh@steptoe.com

*Counsel for Defendant*
*E. I. du Pont de Nemours and Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE LITTLE HOCKING WATER ASSN., INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> E. I. DU PONT DE NEMOURS AND COMPANY, ) <br> ) <br> Defendant. ) | Case No. 2:09-cv-1081 <br><br> Judge Smith <br><br> Magistrate Judge King |

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *"Defendant E. I. du Pont de Nemours and Company's Supplemental Disclosure of Rule 26(a)(2)(C) Designees"* was served by regular U.S. Mail, postage prepaid, with copy by e-mail, on the following counsel of record this 2nd day of April, 2013:

D. David Altman, Esq.
D. DAVID ALTMAN CO., LPA
15 E. 8th Street, Suite 200
Cincinnati, OH 45202

*Counsel for Plaintiff
The Little Hocking Water Assoc., Inc.*

/s/ Niall A. Paul
Niall A. Paul (*pro hac vice*)

8