# EXHIBIT 7



**D.DavidAltmanCo**
a legal professional association

VIA REGULAR U.S. AND ELECTRONIC MAIL

Niall A. Paul
Spilman Thomas & Battle, PLLC
Spilman Center
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321-0273

April 16, 2013

Re: <u>Little Hocking Water Association, Inc. v. E.I. du Pont de Nemours and Company</u>

Dear Niall:

We have reviewed DuPont's April 2, 2013 Supplemental Disclosure of Rule 26(a)(2)(C) designees and are writing to inform you that these disclosures violate the requirements of the Federal Rule and Judge King's orders. DuPont's disclosures in nearly every instance do not identify, let alone summarize, the opinions of its experts or the facts upon which the unidentified opinions are based.

First, DuPont's generic statement that each expert may "provide many of the same opinions" provided in earlier depositions does not constitute a summary of opinions. We obviously have no idea which statements made during those depositions you consider to be "opinions." Moreover, we are not required to guess which opinions are going to be given at trial, nor are we required to waste dozens of hours on depositions seeking to obtain what DuPont is required to disclose under the Rules. Finally, given the lack of knowledge and "forgetfulness" of the witnesses during their depositions, referencing back to those depositions is completely uninformative and far from forthright.

Second, DuPont has largely only identified the *general topic* of the opinions for its various experts – *not* what those opinions actually are. A "summary" of the opinions means the opinions must actually be identified, *i.e.* stated, and summarized. Most of DuPont's disclosures, however, only state that the opinions will relate to certain topics – but do *not* provide what those opinions actually are. Nor does DuPont identify any facts anywhere in its disclosures.

15 E 8th Street, Suite 200, Cincinnati, OH  45202
tele: 513.721.2180  |  fax: 513.721.2299  |  email: daltman@one.net

Niall A. Paul
April 16, 2013
Page 2 of 4

For example, DuPont states that Dr. Barton *may* provide testimony and opinions:

- "... *related to air dispersion modeling* and *air monitoring* that was conducted regarding the Washington Works facility..." but does *not* identify what those opinions are or the factual basis for them.

- "...*regarding modeling* of land deposition of PFOA ..." but, again, does *not* summarize those opinions in any way.

- "...*about properties of PFOA* that may be relevant to the measurement of PFOA in the atmosphere, and air modeling and dispersion..." but *fails* to identify those opinions or what the properties are that she will be opining about.

With respect to Mr. Hartten, DuPont states that Mr. Hartten may provide testimony and opinions:

- "...*regarding* the environmental conditions surrounding the Washington Works facility, including ...hydrogeology of the area..." but *fails* to summarize those opinions or give a single fact relevant to those opinions.

- "...*regarding* the alleged leaching of PFOA through soil to the groundwater..." but does *not* tell us what the opinion actually is or any fact upon which it is based.

- "...*regarding* DuPont's efforts to investigate the site and identify and assess the presence and extent of PFOA in drinking water, groundwater, surface water and environmental media at and around the Washington Works facility and the Little Hocking well fields..." but *fails* to identify what "efforts" Mr. Hartten will be opining about or to summarize what the opinions about those "efforts" will be.

- "...*regarding* DuPont's Corporate Remediation Group's investigation and analysis of releases of PFOA through various environment media, including surface water, groundwater and soil to determine the presence, extent and movement of PFOA at or around the Washington Works facility and Little Hocking well fields..." but, again, *fails* to identify *what* it is that Mr. Hartten will be discussing about those investigations. Nor does DuPont tell us what Mr. Hartten's actual opinions are.

Even where DuPont does state something approaching an actual opinion for Mr. Hartten, DuPont fails to summarize that opinion in any meaningful way or give any basis whatsoever. For example, while DuPont does reveal that Mr. Hartten may provide his opinion that "...it is not scientifically reasonable that the PFOA in the Little Hocking Well Fields arrived there via water migration from emissions of the Washington Works facility...," DuPont does __not__ summarize that opinion — *e.g.*, it does not give a summary of Mr. Hartten's opinions as to *why* it is not reasonable that the PFOA arrived at Little Hocking via water migration from DuPont's emissions. Nor has DuPont provided any facts supporting that opinion. Similarly, while DuPont

Niall A. Paul
April 16, 2013
Page 3 of 4

states that Mr. Hartten may testify that "...the majority of any PFOA in the Little Hocking Well Fields which might have come from the Washington Works facility would have been transmitted via air dispersion (rather than through or under the Ohio River)...", it does *not* summarize that opinion or the bases for it.[1]

With respect to Robert Rickard, DuPont states that he may testify:

- "...*about what DuPont knew* and understood scientifically about PFOA during the relevant timeframes at issue in this action..." However, DuPont does *not* summarize what it "knew and understood" during any relevant time frame.

- "...*about the opinions he formed* while reviewing published literature and scientific data regarding potential health and environmental effects of exposure to PFOA..." but does *not* identify what those opinions even are, let alone summarize them or give any basis in fact for them.

- "...*about DuPont's investigation* into various issues related to PFOA (including its potential toxicity, human health effects from exposure, and effects on the environment)..." but does *not* identify what the opinions are, or even what the underlying investigations are about which Mr. Rickard will be opining.

- about opinions "...*derived from* historical and contemporary epidemiological, health, and toxicological studies regarding PFOA, including studies conducted by DuPont, the Science Panel, and other research and studies conducted about PFOA throughout the scientific community..." but, again, does *not* identify what those opinions actually are or which studies they are derived from.

- "...*about the calculations* of regulatory risk assessment and the safety factors associated with such calculations..." but not only *fails* to identify the opinions but *fails* to identify the calculations about which he will be testifying.

- "... *about exposure pathways* for PFOA, exposure assessments of PFOA and the pharmacokinetic properties of PFOA..." but does *not* identify what those opinions are, or what exposure pathways, assessments, or properties of PFOA Rickard will even be testifying about.

- "...*about* toxicology and epidemiology and their associated concepts, such as (but not limited to) association, causation, the distinction between and association and

---

[1] Another example of the inadequacies of DuPont's disclosures can been seen by the cryptic statement that Mr. Hartten may give the opinion that "...DuPont has followed the generally accepted principles of environmental decision making and that DuPont's efforts to investigate PFOA were reasonable and the information reported in DuPont's investigation was accurate to a reasonable degree of scientific certainty." DuPont gives no summary of what environmental decision making it is talking about. Nor does it state the facts relied upon in forming that opinion.

Niall A. Paul
April 16, 2013
Page 4 of 4

causation, dose-response relationships, the strength of observed association, consistency of any observed associations across studies, biological plausibility and other scientifically accepted criteria to evaluate causation..." but does not identify what those opinions are or the context in which Rickard will be applying any of those scientific principles.

Finally, while DuPont states that Rickard will give his opinion "...that DuPont acted reasonably and appropriately and that decisions were made regarding PFOA to a reasonable degree of scientific certainty," DuPont does *not* even tell us *what* decisions it is talking about or any factual basis for the conclusion that those unidentified decisions were reasonable and scientific.

As the above discussion demonstrates, DuPont's disclosures largely summarize the *general theme* of future opinions. DuPont not only repeatedly fails to provide what the actual opinions are, but the disclosures are also devoid of any reference to any factual basis for any opinion. The full disclosures were first due on February 15, 2013, and you were again ordered to provide proper disclosures by April 2, 2013 as a result of your claim that you were unaware of your obligations. We need the full Court-ordered disclosures by no later than Monday, April 22. Please let us know by the close of business on Thursday, April 18 whether you intend to provide disclosures that meet the Rules.

Very truly yours,

*Justin D. Newman*
Justin D. Newman

cc: C. Craig Woods (via email only)
Libretta P. Stennes (via email only)
Anthony F. Cavanaugh (via email only)
Aaron Brogdon (via email only)
Client