IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE LITTLE HOCKING WATER ASSN., INC.,**

    **Plaintiff,**

                                        Civil Action 2:09-cv-1081
  **vs.**                                      Judge Smith
                                        Magistrate Judge King

**E.I. DU PONT DE NEMOURS & CO.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on *Little Hocking's Combined Motion to Clarify Scheduling Order and Memorandum in Support*, Doc. No. 224 ("*Motion to Clarify*"). For the reasons that follow, the *Motion to Clarify* is **GRANTED**.

I.    BACKGROUND

The Court previously issued an order requiring, *inter alia*, that "[t]he reports of primary experts [] be produced, consistent with the provisions of Fed. R. Civ. P. 26(a)(2), by February 15, 2013; the reports of rebuttal experts must be produced, consistent with the provisions of Fed. R. Civ. P. 26(a)(2), by May 1, 2013." *Order*, Doc. No. 142, p. 1. Based on the recent representations of counsel, it appears that both parties produced primary expert reports. *See Motion to Clarify*, p. 2; *E.I. Du Pont de Nemours and Company's Response in Opposition to Little Hocking's Combined Motion to Clarify Scheduling Order (Dkt. No. 224)*, Doc. No. 227, pp. 1-2 ("*Memo. in Opp.*").

On February 19 and March 25, 2013, the Court granted in part and denied in part Little Hocking's motions to compel certain depositions,

1

searches and multiple categories of documents. *Opinion and Order*, Doc. No. 169; *Opinion and Order*, Doc. No. 194.

After conferring with counsel, the Court issued an order addressing, *inter alia*, the pretrial schedule in this case. *Order*, Doc. No. 196. The Court directed the parties to complete all non-expert discovery recently ordered by the Court no later than May 31, 2013. *Id*. at 2. The Court also advised the parties that deadlines related to the production of expert reports would be established at a later status conference. *Id*. The Court further advised that it "will permit supplementation of primary expert reports only upon a showing of good cause specifically attributable to the recent discovery ordered by the Court." *Id*. at 2 n.1.

On May 20, 2013, the Court noted that "DuPont expects to produce, on a rolling basis, virtually all remaining well pumping data by June 15, 2013." *Order*, Doc. No. 219, p. 1. The Court therefore re-opened non-expert discovery to permit Little Hocking to conduct certain Rule 30(b)(6) depositions. *Id*. The Court also granted Little Hocking leave to move to supplement its expert reports "in light of the well pumping data by July 12, 2013" and ordered expedited briefing on that motion. *Id*. The Court went on to advise that, if Little Hocking's anticipated motion is granted, "plaintiff may have until September 1, 2013 to produce its supplemental expert report(s). DuPont shall produce its expert report(s) no later than November 1, 2013." *Id*. at 1-2.

Little Hocking now asks the Court to clarify its May 20, 2013 *Order* in two ways: (1) that the November 1, 2013 deadline serve as a

2

rebuttal report deadline for both parties, and (2) that Little Hocking's request for expert supplementation not be limited to well pumping data. *Motion to Clarify*. DuPont opposes Little Hocking's request to clarify. *Memo. in Opp*. With the filing of Little Hocking's reply memorandum, *Little Hocking's Reply in Support of Its Motion to Clarify the Scheduling Order (Doc. 219)*, Doc. No. 230 ("*Reply*"), this matter is now ripe for resolution.

## II. DEADLINE FOR REBUTTAL EXPERT REPORTS

In support of its position that the November 1, 2013 date serve as a rebuttal report deadline for both parties, Little Hocking notes that a prior order established a deadline for the parties to disclose primary expert reports and a deadline for both parties to produce rebuttal expert reports. *Id*. at 1-2 (citing *Order*, Doc. No. 142). Little Hocking represents that, on February 15, 2013, it disclosed seven expert reports and DuPont disclosed two Rule 26(a)(2)(B) experts and "listed 7 Rule 26(a)(2)(C) experts." *Id*. at 2. Little Hocking therefore argues that the November 1, 2013 deadline should serve as a rebuttal expert deadline for both parties because: (1) prior scheduling orders established deadlines for each party to disclose primary and rebuttal reports; and (2) each party has, in fact, disclosed primary experts in this case. *Id*.

In response, DuPont first notes that Little Hocking failed to mention that DuPont reduced the number of its Rule 26(a)(2)(C) witnesses to three in its April 2, 21013 disclosures. *Memo. in Opp.*, p. 1. DuPont explains that, although Little Hocking should have the opportunity to produce expert reports responsive to DuPont's two Rule

3

26(a)(2)(B) witnesses (Dr. Snyder and Mr. Voltaggio) and three Rule 26(a)(2)(C) witnesses (Dr. Rickard, Mr. Hartten and Dr. Barton), Little Hocking should be required to make its rebuttal disclosures no later than October 1, 2013 because "Little Hocking has the burden of proof, the rules of civil procedure and the general equities dictate that they proffer their evidence first." *Id*. at 2.  To permit both parties to make their rebuttal expert disclosures on November 1, 2013, DuPont argues, "would require that more depositions be completed between November 1 and December 2, 2013 (the deadline to complete all expert disclosure)." *Id*.

Little Hocking disagrees, arguing that the deadline for disclosure of rebuttal experts should be the same for both parties because both parties have already disclosed their primary experts and because the Court previously ordered simultaneous production of expert reports.  *Reply*, p. 2.  Little Hocking contends that the Court should modify the current schedule to reflect a rebuttal deadline of October 1, 2013 for both parties because (1) requiring Little Hocking, at this late date, to "go first" is unfair by providing DuPont a strategic opportunity to revise its rebuttal reports after seeing Little Hocking's disclosures; (2) both parties have the burden of proof on their respective claims and defenses; and (3) moving the deadline up 30 days addresses DuPont's concern regarding completing depositions before the December 1, 2013 expert discovery deadline.  *Id*. at 2-4.

Little Hocking's arguments are well-taken.  The Court previously set one deadline for the production of all rebuttal expert reports. *Order*, Doc. No. 142, p. 1.  *See also Order*, Doc. No. 50, p. 2 (same);

4

*Order*, Doc. No. 86 (same). The fact that Little Hocking bears (as it has borne since the outset of the litigation) the burden of proof on its claims does not now warrant a departure from that schedule. Moreover, establishing an October 1, 2013 deadline for the production of all rebuttal expert reports will address DuPont's concern about the viability of the December 1, 2013 deadline.

### III. SUPPLEMENTATION OF EXPERT REPORTS

Little Hocking next suggests that the May 20, 2013 *Order* appears to limit its opportunity to supplement its expert reports to only that supplementation necessitated by the recent discovery of well pumping data. *Motion to Clarify*, p. 2 (citing Doc. No. 219, which granted Little Hocking leave to move to supplement its expert reports "in light of the well pumping data by July 12, 2013"). Little Hocking asks that it also be permitted to seek leave, upon a showing of good cause, to supplement its expert reports based on the additional discovery authorized in two prior orders, *Order*, Doc. No. 169 (February 19, 2013) and *Order*, Doc. No. 194 (March 25, 2013), and conducted after it produced its primary expert reports on February 15, 2013. *See also Order*, Doc. No. 196, p. 2 ("The Court will permit supplementation of primary expert reports only upon a showing of good cause specifically attributable to the recent discovery ordered by the Court.").

DuPont disagrees, arguing that Little Hocking should have earlier moved for an extension of time to accommodate any need to supplement its expert reports based on discovery other than well pumping data. *Id*. at 3. In reply, Little Hocking observes that the Court did not

5

set a date for seeking leave to supplement prior to the May 20, 2013 *Order*, Doc. No. 219, which of course is the subject of Little Hocking's *Motion to Clarify*. *Reply,* p. 5.

Little Hocking's arguments are again well-taken. In light of the history of discovery in this case and the prior *Order*, Doc. No. 196, p. 2 n.1, the Court concludes that the most recent *Order*, Doc. No. 219, inadvertently limited Little Hocking's right to seek leave to supplement its expert reports. In so concluding, the Court expresses no opinion regarding the merits of any such a request, which must in all events be supported by good cause.

**WHEREUPON**, *Little Hocking's Combined Motion to Clarify Scheduling Order and Memorandum in Support*, Doc. No. 224, is **GRANTED**. The Court's prior *Order*, Doc. No. 219, is **MODIFIED** as follows:

Both parties shall produce their rebuttal expert report(s) no later than October 1, 2013.

No later than July 19, 2013, Little Hocking may move for leave to supplement its expert reports in light of the discovery recently authorized by the Court, including well pumping data and the information addressed in *Opinion and Order*, Doc. No. 169, and *Opinion and Order*, Doc. No. 194. DuPont may have until August 2, 2013 to respond to that motion; Little Hocking may have until August 9, 2013 to reply.

July 11, 2013                                           s/Norah McCann King
                                                        Norah M<sup>c</sup>Cann King
                                                        United States Magistrate Judge