UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE LITTLE HOCKING
WATER ASSOCIATION, INC.,

      Plaintiff,

              Case No. 2:09-cv-1081
              JUDGE SMITH
      v.              Magistrate Judge King

E.I. DU PONT DE NEMOURS
AND COMPANY,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff The Little Hocking Water Association, Inc.'s Objections to the Magistrate Judge's February 19, 2013 Order; and August 21, 2013 Order. (*See* Docs. 181 and 272). These objections are fully briefed and ripe for review. For the reasons that follow, Plaintiff Little Hocking's objections are **OVERRULED** and the Magistrate Judge's February 19, 2013 and August 21, 2013 Orders are **AFFIRMED**.

### I. BACKGROUND

The Court has previously set forth in detail the allegations and claims in this case. (*See*, *e.g.*, *Opinion and Order*, Doc. No. 34). To summarize for purposes of the pending motions, Plaintiff, the Little Hocking Water Association, Inc. ("Little Hocking"), supplies water to townships in Washington County, Ohio and Athens County, Ohio. (*First Amended Complaint*, Doc. No. 23, at ¶ 21 ("*Amended Complaint*")). Little Hocking owns well fields that are located in the State of Ohio, directly across the Ohio River from defendant E.I. Du Pont de Nemours &

Company's ("DuPont") Washington Works plant. (*Id*. at ¶¶ 26, 29).  Little Hocking alleges that DuPont's waste disposal practices have resulted in the migration of hazardous perfluorinated compounds (collectively, "PFCs") into Little Hocking's well fields.  (*Id*. at ¶¶ 3, 5).  According to Little Hocking, DuPont uses at least one PFC, ammonium perfluorooctanoate ("APFO"), in connection with its Teflon® related products.  (*Id*. at ¶ 44).  APFO is the ammonium salt of "PFOA," the acronym used to identify the chemical Perfluorooctanoic acid, commonly referred to as "C8."  (*Id*. at ¶¶ 45 n.1, 48).  Little Hocking alleges that DuPont has used PFOA at its Washington Works plant from at least 1951 to the present.  (*Id*. at ¶ 46).  Little Hocking alleges that DuPont has known of the "biopersistence and toxicity of PFOA" for some time.  (*Id*. at ¶ 52).

Little Hocking also alleges that DuPont's release of hazardous wastes has affected not only human health and the environment, but also the operations of its business, resulting in expense to it, including participating in review of the Carbon Plant design plans and testing the levels of PFOA and other PFCs in the blood of approximately 25 of its water users.  (*Id*. at ¶¶ 148-180).  Little Hocking further asserts endangerment claims under the Resources Conservation and Recovery Act, 42 U.S.C. § 6972 ("RCRA").  (*Id*. at ¶¶ 181-190).  Little Hocking also asserts state law claims of nuisance, negligence, trespass, abnormally dangerous activity, conversion, unjust enrichment and declaratory judgment for indemnification.  (*Id*. at ¶¶ 191-251).

## II. STANDARD OF REVIEW

Upon timely objection, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The "clearly erroneous" standard applies to the magistrate judge's factual findings while legal conclusions are reviewed under the more lenient "contrary to law" standard.  *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432

(6th Cir. 1994). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Eversole v. Butler County Sheriff's Office*, 2001 U.S. Dist. LEXIS 26894, at *2 (S.D. Ohio August 7, 2001) (sustaining objections to magistrate judge's order rejecting claim of attorney-client privilege and work-product) (citation omitted). The District Court Judge's review under the "contrary to law" standard is "plenary," and it "'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Gandee,* 785 F.Supp. at 686 (citations omitted). It is with these standards in mind that the Court reviews the Magistrate Judge's February 19, 2013 and August 21, 2013 Orders.

### III. DISCUSSION

Plaintiff Little Hocking objects to two separate Magistrate Judge Orders. The first is a single objection to a portion of the Court's February 19, 2013 Opinion and Order (Doc. 181). Second, Little Hocking objects to the Magistrate Judge's August 21, 2013 Order granting in part and denying in part a motion for a protective order (Doc. 272). The Court will address Plaintiff's objections in turn.

### A. Objection to the February 19, 2013 Opinion and Order

Plaintiff asserts that the Magistrate Judge erred in concluding that Little Hocking failed to meet its burden of establishing that consultants were hired in anticipation of litigation. Plaintiff requests that this Court set aside the portion of the February 19, 2013 Order holding that Little Hocking failed to demonstrate full entitlement to Rule 26(b)(4)(D) protection for all of its litigation consultants.

Magistrate Judge King specifically concluded in her February 19, 2013 Order that Little Hocking failed to provide a sufficient description in its privilege log to substantiate its claim that

the attorney-client privilege applied to various "notes and compilations" taken by "litigation consultants." The privilege log does not refer to these consultants by name, but rather as "LC" or "L/C." There is no dispute that Little Hocking, as the party resisting production, bears the burden of establishing the existence of the attorney-client privilege. *See, e.g., United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999).

Plaintiff argues that the Magistrate Judge's findings were clearly erroneous and contrary to law because the record, including two declarations and a detailed privilege log, sets forth the communication in which the litigation consultants were involved. (Pl.'s Mot. at 2). Defendant argues, however, that because there is no way to distinguish the litigation consultants, and not all consultants were retained to assist counsel in providing legal advice and formulating legal strategy, attorney-client privilege does not apply. The Court agrees. The Magistrate Judge did not take issue with Plaintiff's failure to identify the litigation consultants, but the failure to distinguish which consultants were actually opining on litigation strategy and therefore engaging in protected communication. Therefore, the Court finds that the Magistrate Judge's Opinion and Order is neither clearly erroneous nor contrary to law with respect to the challenged portion regarding the litigation consultants.

**B.    Objections to the August 21, 2013 Opinion and Order**

In the Magistrate Judge's August's 21, 2013 Opinion and Order, she granted in part and denied in part Plaintiff's Motion for a Protective Order (*See* Doc. 263, Opinion and Order). Plaintiff was ordered to produce thirty-one of sixty-one documents in dispute. The Magistrate Judge also ordered an award of sanctions to DuPont for a portion of its expenses incurred in connection with the discovery dispute at issue in the aforementioned Opinion and Order.

Plaintiff Little Hocking objects to the Magistrate Judge's Order denying protection to twenty-three documents that Plaintiff asserts are privileged.  Plaintiff also objects to being sanctioned for delays associated with seeking the protective order to avoid production.  Defendant responds that the Magistrate Judge's August 21st Order is not clearly erroneous, nor contrary to law.  The Court agrees.

Plaintiff raises the same arguments raised during the briefing seeking the protective order.  Magistrate Judge King performed a very thorough review of the discoverability of all of the documents in question.  She ordered that some be produced and also that some were protected.  Her factual analysis and findings with respect to each document is not clearly erroneous.  Further, Magistrate Judge King correctly applied the legal standards applicable to ruling on the motion for a protective order and her Opinion and Order is not contrary to law.

Further, with respect to the sanctions, Plaintiff's argument that the Magistrate Judge did not have statutory authority to award attorneys' fees as a sanction is incorrect.  It is well-established that under Rule 37(a)(5)(C), attorneys' fees may be awarded.  Additionally, the award of attorneys' fees was justified.  The Court agrees with Magistrate Judge King's reasoning that ongoing discovery disputes, like the one currently before the Court, delay the action and cause additional expenses to be incurred by the parties.  Finally, a partial award was justified based on the partial success on the motion.

## IV. CONCLUSION

The Court **OVERRULES** all of Plaintiff Little Hocking's Objections to the Magistrate Judge's February 19, 2013 Order; and August 21, 2013 Order.  Accordingly, the Magistrate Judge's February 19, 2013 and August 21, 2013 Orders are **ADOPTED AND AFFIRMED**.

The Clerk shall remove Documents 181 and 272 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**